UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY O. STUBBLEFIELD,

        Petitioner,

                                                     CIVIL ACTION NO. 04-CV-73560-DT
v.                                              HONORABLE ARTHUR J. TARNOW

KENNETH ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT AND DISMISSING HABEAS PETITION**

      Anthony O. Stubblefield ("Petitioner"), a state prisoner currently confined at the Huron Valley Correctional Facility in Ypsilanti, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. In his pleadings, Petitioner raises claims concerning the effectiveness of defense counsel, recantation/inconsistent trial testimony, and the sufficiency of the evidence/propriety of preliminary examination testimony. Respondent has filed a motion for summary judgment claiming that the petition is untimely. For the reasons set forth below, the Court grants Respondent's motion and dismisses the habeas petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

**I.**      **Facts and Procedural History**

Petitioner was convicted of first-degree murder and felony firearm following a jury trial in the Recorder's Court for the City of Detroit in 1983 and was sentenced to life imprisonment without the possibility of parole and a consecutive term of two years imprisonment. Petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions and sentence. *People v. Stubblefield*, No. 72036 (Mich. Ct. App. June 25, 1984). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Stubblefield*, No. 74760 (Mich. S. Ct. April 23, 1985).

Petitioner also filed a petition for writ of habeas corpus in this District Court in October, 1988, which was dismissed for failure to fully exhaust state court remedies. *Stubblefield v. Jabe*, No. 88-CV-74101-DT (E.D. Mich. April 13, 1989) (Gadola, J.).

Petitioner submitted a motion for relief from judgment to prison officials for filing with the state trial court on February 23, 2001 raising the same claims contained in the present petition. The trial court denied the motion. *See People v. Stubblefield*, No. 82-08020 (Wayne Co. Cir. Ct. May 31, 2001). Petitioner's subsequent attempts to appeal this decision with the Michigan Court of Appeals were unsuccessful. *See, e.g., People v. Stubblefield*, No. 247966 (Mich. Ct. App. June 2, 2003).

Petitioner dated his federal petition for writ of habeas corpus on August 8, 2004 and it was filed by this Court on September 20, 2004. Respondent filed the instant

motion for summary judgment on February 17, 2005. Petitioner has not filed a response to the motion.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, governs the filing requirements for this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA establishes a one-year limitations period for the filing of federal habeas petitions. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

> diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (case filed 13 days after the limitations period expired dismissed for failure to comply); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's conviction became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final before the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his motion for relief from judgment with the trial court until, at the earliest, February 23, 2001. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review following the AEDPA's enactment.

A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Thus, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner does not allege any facts to establish that the state created an impediment to the filing of his habeas petition or that his claims are based upon newly-recognized constitutional rights or newly-discovered facts. Thus, his current habeas petition is untimely.

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

In his pleadings, Petitioner does not allege any facts which would support a claim for equitable tolling of the one-year period. The fact that Petitioner is untrained in the law, is proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Brown v. United States*, 2001 WL 1136000, *3 (6th Cir. Sept. 21, 2001) (unpublished case citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999), for proposition that ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not warrant tolling). Further, Petitioner has not shown diligence in seeking habeas relief given that he filed his state post-conviction motion 16 years after the conclusion of his direct appeals. Petitioner has thus failed to demonstrate that he is entitled to equitable tolling of the one-year limitations period.

Stubblefield v. Romanowski
No. 04-CV-73560-DT
Page 7 of 7

### III.  Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus.


                                s/Arthur J. Tarnow                        
                                Arthur J. Tarnow
                                United States District Judge

Dated:  April 19, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 19, 2005, by electronic and/or ordinary mail.

                                s/Catherine A. Pickles                    
                                Case Manager